**SNOUFFER, Appellee,**

v.

**SNOUFFER, Appellant.**

[Cite as *Snouffer v. Snouffer* (1993), 87 Ohio App.3d 89.]

Court of Appeals of Ohio,
Meigs County.

No. 92 CA 485.

Decided April 7, 1993.

*John P. Lavelle,* for appellant.

*Eslocker, Hodson & Dioguardi* and *Nicolette Dioguardi,* for appellee.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Meigs County Court of Common Pleas adopting the shared parenting plan proposed by Sarah Snouffer, plaintiff below and appellee herein, over the one proposed by Gary Snouffer, defendant below and appellant herein, for the care of their children. Appellant posits the following assignment of error for our review:

"The trial court erred as a matter of law by adopting a shared parenting plan without taking evidence and permitting appellant the opportunity to be heard."

A short summary of the facts pertinent to this appeal is as follows. The parties herein were married on January 18, 1982, and two children, Christopher David Snouffer (born Sept. 21, 1982) and Kindra LaShay Snouffer (born Dec. 5, 1985), were born as issue of such marriage. Appellee commenced the action below on July 6, 1990, seeking a divorce from appellant and custody of their two children. Appellant counterclaimed for divorce and also sought custody of the children.

On October 4, 1991, a hearing was held, at which time the parties agreed and stipulated to the division of marital property and that care of the children would be affected under a shared parenting arrangement. On November 13, 1991, the lower court entered judgment granting the divorce and adopting the prior agreement as to all remaining issues. The parties, subsequently, filed their own written plans for shared parenting to address the allocation of parental rights and responsibilities. The court rendered its decision indicating that it favored appellee's plan but permitted appellant to file any written objections within the following ten days. Although written objections were filed, no hearing was held thereon. The trial court ultimately entered judgment on February 20, 1992, adopting the shared parenting plan submitted by appellee. This appeal followed.

Appellant makes no argument that the shared parenting plan at issue herein failed to satisfy the best interests of the children. Rather, the gravamen of his appeal is that the lower court erred by not granting him a hearing on his objections prior to adopting the plan. Appellant raises two arguments to the effect that such a hearing should have been granted and we will consider each individually.

First, appellant points out that the stipulations read into the record at the October 4, 1991 hearing provided for another "short hearing" concerning the

shared parenting plan which was to be adopted from proposals submitted by the parties thereafter. Appellant concludes that this stipulation was binding and required the trial court to afford him a hearing on his objections. We disagree. A majority of the stipulations made at the October hearing were adopted by, and carried into, the judgment of divorce filed on November 13, 1991. Our review of that entry does not reveal that the provision for a hearing on the shared parenting plans was ever repeated therein. It is well settled that a court speaks only through its journal and not by oral pronouncement. *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 338, 492 N.E.2d 146, 148, fn. 3; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus. Thus, we will not consider matters which, though discussed in the courtroom, are not carried over into the court's judgment entry. See *Howard v. Wills* (1991), 77 Ohio App.3d 133, 140, 601 N.E.2d 515, 519, fn. 5; *In re Bowers* (Jan. 3, 1992), Athens App. No. 1490, unreported, at 12, fn. 6, 1992 WL 2870.

The judgment entry of divorce was "approved" by appellant's counsel notwithstanding the apparent absence of any provision for a future hearing on the shared parenting plans which were to be submitted. If the stipulation for a hearing was to be a part of the final agreement between the parties then it should have been included in the judgment and no approval should have been given until such time as that point was specified therein. Accordingly, we find this argument unpersuasive.

Appellant's second argument is that some sort of a hearing was required by statute. We agree. "Shared parenting" means that parents literally share some, or all, of the aspects of physical and legal care of their children. R.C. 3109.04(J). The Ohio General Assembly has enacted detailed procedures for a court to follow in awarding shared parenting. See Am.Sub.S.B. No. 3, 143 Ohio Laws, Part III, 53, 115–118, codified at R.C. 3109.04(D)(1)(a)(i) through (iii). Although these provisions for shared parenting make no specific reference to a hearing, that portion of the statute which generally discusses allocation of parental rights and responsibilities states as follows:

"In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, *upon hearing the testimony of either or both parents* * * * the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. * * *" (Emphasis added.) R.C. 3109.04(A).

The statute clearly indicates that there is to be a hearing where both parents may testify before there is any allocation of parental rights and responsibilities, including an order for shared parenting. As a result of the extensive stipulations below, such a hearing was never conducted. We encourage the settlement of

these cases whenever possible. However, when the allocation of parental rights and responsibilities is contested, a hearing *must be granted.*

The assignment of error is sustained, the judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE and GREY, JJ., concur.