I respectfully dissent. Before a trial court may adopt a shared parenting plan, it is required by the Ohio Revised Code to determine whether that plan is in the best interest of the children. I believe that, in this case, the trial court erred by using stale testimony to determine that Mrs. Helms' shared parenting plan was in the best interest of the children. Instead, the trial court was required to conduct an evidentiary hearing, receive evidence, and make a determination whether, as of 1998, the shared parenting plan before it was in the best interest of the children.
Section 3109.04(A) of the Ohio Revised Code provides a trial court with authority to allocate parental rights and responsibilities "upon hearing the testimony of either or both parents." Section 3109.04(D)(1)(a)(iii) requires the trial court, before the adoption of a shared parenting plan, to "review each plan filed to determine if any plan is in the best interest of the children." Only if a plan is in the children's best interest may the court adopt it. Id.; Section 3109.04(D)(1)(b) of the Ohio Revised Code.
In this case, the trial court did not review the plan to determine if it was in the best interest of the children in 1998. Instead, because Mrs. Helms' plan was the same plan that had originally been imposed on the parties and because the trial court had previously determined that that plan was in the children's best interest at that time, the court apparently concluded that no further determination need be made. I believe that the trial court erred when it made that conclusion.
Over one year had passed between the initial allocation of parental rights and responsibilities, issued January 29, 1997, and the allocation that is the subject of this appeal. The evidence upon which that initial allocation was based was received during 1995 and 1996. I do not disagree that, when that January 29, 1997, judgment was issued, the plan was in the best interest of the children. After reviewing the transcripts, I believe that sufficient evidence supported that determination. Specifically, during the first divorce trial, the children's guardian testified that shared parenting was in the children's best interest. A social worker agreed. It appears that both parents have had trouble cooperating and that each has harbored a high level of animosity toward the other. Because of their failure to get along, it was feared that providing sole custody to one parent would likely harm the children's relationship with the other parent. Apparently, the parent who was not awarded custody might have tried to lash out at the other by using the children as a tool for his or her revenge. As that scenario was not in the children's best interest, the trial court found that, at the time of the divorce trial, shared parenting was in the best interest of the children.
While I do not disagree with that finding, I believe that it was confined to the situation that existed at that time. In this case, almost two years had passed since those opinions regarding the children's best interest were given. There was no evidence before the trial court to indicate that the interest of the children had remained the same during those intervening years. The trial court held no hearing and received no testimony or other evidence showing that the shared parenting plan was still in the best interest of the children.
Section 3109.04 mandated a hearing in this case. Indeed, whenever an initial allocation of parental rights and responsibilities is contested, the trial court is required to conduct a hearing and permit the parties to introduce evidence.Snouffer v. Snouffer (1993), 87 Ohio App.3d 89, 91-92. Further, before the trial court could adopt a shared parenting plan in this case, it was required to find that plan to be in the best interest of the children. Section 3109.04(D)(1)(b). That requirement is for the benefit of the children, not the parties. See In re Docie
(Mar. 24, 1998), Athens App. No. 97CA19, unreported, 1998 Ohio App. LEXIS 1203, at *10 (holding that a parent's failure to object to the trial court's procedures does not waive that issue). Consequently, the children are the primary focus of the proceedings to allocate parental rights and responsibilities, and the trial court's procedures must meet some minimal standards to ensure that the children's interests are protected. In this case, the trial court should have conducted a hearing to determine if Mrs. Helms' shared parenting plan was in the children's best interest in 1998, rather than merely adopting its findings based on testimony that was nearly two years old. See, e.g., Rochow v.Rochow (Apr. 26, 1996), Mahoning App. No. 94CA49, unreported, 1996 Ohio App. LEXIS 1775, at *3-7 (holding that an initial allocation of parental rights is inappropriate if one parent is precluded from presenting evidence concerning the allocation of those rights); Harlow v. Stevens (Aug. 29, 1994), Preble App. No. CA94-03-004, unreported, 1994 Ohio App. LEXIS 3778, at *12-15 (requiring hearing before trial court rules on visitation).
I would reverse the judgment of the trial court. On remand, I would require the trial court to hold a hearing to determine whether Mrs. Helms' plan was in the best interest of the children.
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)