DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Bradley A. Keating has appealed from an order of the Lorain County Common Pleas Court, Domestic Relations Division, that denied Appellee Jan B. Keating's motion for emergency temporary custody, but modified Appellant's obligations regarding the transportation costs of certain visitation. This Court reverses.
 I.
On February 27, 1995, the Lorain County Common Pleas Court, Domestic Relations Division, entered a decree of divorce between Appellant and Appellee. Thereafter, each party submitted numerous post-decree motions, and various orders were entered modifying the parties' obligations.
On June 28, 1999, a magistrate began conducting a hearing on several of the pending motions. However, during a recess, prior to the close of the magistrate's proceedings, Appellee filed a so-called "Motion for Emergency Temporary Custody Ex Parté (Verified)." In that motion, Appellee requested that the trial court grant her emergency temporary custody of the parties' child and order Appellant to pay all of the child's transportation costs until further order of the court. In support of her motion, Appellee attached an affidavit wherein she averred that (1) the child was living in the state of California with Appellant, (2) she had mailed an airline ticket to counsel for Appellant in order for the child to fly to Ohio and commence summer visitation with Appellee, (3) on the date the child was to fly to Ohio, counsel for Appellant informed Appellee that the child would not be available for visitation until the trial court had ruled on Appellant's motion to suspend visitation, (4) as a result of Appellant's relocation to California, Appellee had been caused to incur four times the amount of transportation costs, and (5) due to Appellant's refusal to comply with the court ordered visitation, the child would suffer harm. The trial court then called counsel for both parties into his chambers, where each offered their respective positions. Next those present went to the courtroom to formalize the conference "on the record."
That same day, after taking the parties' arguments on the record, the trial court issued an order denying Appellee's request for emergency temporary custody. However, in that same order, the trial court directed Appellant to transport the child to Appellee's residence forthwith and pay all costs associated with said transportation. Appellant timely appealed, asserting one assignment of error.
 II. Assignment of Error The trial court erred, as a matter of law, when it: (1) modified its previous order regarding the cost of transporting the child for visitation without conducting a hearing or without taking any evidence; and (2) unreasonably interfered with a (sic) ongoing hearing being conducted by its magistrate to whom the matter was previously referred concerning the same issues.
Appellant has raised several challenges to the trial court's order. First, he has attacked the allocation to him of transportation costs for returning the child to Appellee, claiming that it was an illegal modification of parental rights and obligations because he was not afforded adequate notice. He has further argued that said allocation was improper because the trial court failed to accept any evidence at the formal proceeding. This failure, he has maintained, constituted a denial of due process. Third, Appellant has argued that the trial court improperly took jurisdiction of a matter that it had assigned to and was currently pending before its magistrate.[1]
Initially, this Court notes that "[t]he allocation of parental rights and responsibilities, whether it be an original determination made at the time of divorce, or a modification thereof, is a very serious matter."Burns v. Webb (Oct. 9, 1998), Athens App. No. 97CA45, unreported, 1998 Ohio App. LEXIS 4896, at *17. Indeed, modification of such rights or obligations can only be made on the basis of "facts" in evidence. R.C.3109.04(E). "This requires a hearing where witnesses can be examined and, more importantly, cross-examined." Burns, supra, at *17, citingSnouffer v. Snouffer (1993), 87 Ohio App.3d 89, 91. Regardless of the means by which the issue of modification is brought before the court, due process mandates that a party receive an adequate opportunity to gather and present evidence to refute the other party's claims. See Gary v.Gary (Oct. 19, 1988), Summit App. No. 13593, unreported, at 2. "It simply cannot be made solely on the basis of uncontested attestations in an affidavit." Burns, supra, at *17.
In the instant matter, after Appellee filed her motion for emergency temporary custody ex parté, the trial court held a brief meeting where counsel for each party was present. The court below then took oral arguments from the bench "on the record." A review of the transcript of that proceeding reveals that the trial court did not admit any new evidence with regard to whether Appellee's motion should be granted at that time. No witnesses were called, and no testimony was presented. The only evidence in the record this Court can discern is Appellee's affidavit, which was attached to her motion for emergency temporary custody. In light of the foregoing, this Court concludes that the trial court erred as a matter of law and denied Appellant due process when it modified Appellant's obligations without receiving and reviewing additional evidence in that regard. As the Fourth District Court of Appeals observed in Burns, supra, without more, Appellee's uncontested affidavit cannot support a trial court's modification of parental rights and obligations. See Burns, supra, at *17. Appellant's assignment of error is well taken.
 III.
Appellant's assignment of error is sustained. The judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J. SLABY, J. CONCUR
[1] Due to this Court's disposition of Appellant's second argument, his first and third contentions will not be addressed. See App.R. 12(A)(1)(c).