This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Paula Theiss, has appealed a judgment of the Wayne County Court of Common Pleas, Domestic Relations Division that adopted a shared parenting plan for the parties' minor children. This Court affirms.
Paula and Jay Theiss were married on August 24, 1989. The parties have two children together, Jacy and Joseph. Both are minors. On February 10, 1999, Paula filed a complaint for divorce, a motion for temporary custody of the children, and a proposed shared parenting plan. On February 24, 1999, the court journalized an entry designating Paula as the temporary residential parent of the parties' minor children, subject to Jay's right of visitation, and ordering Jay to pay child support.
Jay filed an answer and counterclaim and petitioned the court to review the February 24, 1999, temporary orders. A hearing was held on April 27, 1999, to review the temporary orders. At that time, the parties reached an agreement which included adopting a revised version of the proposed shared parenting plan that Paula had previously submitted. The court adopted the parties' revised shared parenting plan on May 20, 1999.
The court held a hearing on June 7, 1999, regarding outstanding issues in the divorce. The court briefly mentioned the fact that the parties were operating under a shared parenting plan and indicated that the plan appeared to be working. Subsequently, Paula filed a motion to supplement the temporary orders for purposes of enrolling her youngest son in school. Paula's motion was granted by an order of the court on August 24, 1999. However, that order was vacated on September 13, 1999, by mutual agreement of the parties.
After several hearings regarding the division of marital property, Paula filed a motion for a status hearing on the issue of custody. In the motion, Paula stated that she did not agree with the proposed shared parenting plan and that she did she feel that it was in the children's best interests. While it appears that a status hearing was held on March 8, 2000, there is no transcript of the hearing for this Court to review.
By a letter dated March 8, 2000, the lower court informed counsel for both parties that it would sign the entry as was proposed by the magistrate on November 30, 1999. A judgment entry and decree of divorce was journalized on March 9, 2000, which incorporated the November 10, 1999 shared parenting plan.[1] Paula timely appealed to this Court, and has set forth the following assignment of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED BY ADOPTING A SHARED PARENTING PLAN WITHOUT FINDINGS OF FACT AS TO THE CHILDREN'S BEST INTEREST WHEN THE ADOPTED PLAN WAS NOT IDENTIFIED ON THE RECORD, READ INTO THE RECORD, SUMMARIZED FOR THE RECORD OR SPECIFICALLY ACKNOWLEDGED BY THE PARTIES AS THEIR AGREEMENT.
Paula argues that the trial court erred by adopting a shared parent plan without findings of fact as to the children's best interest.
A trial court has authority under R.C. 3109.04(A) to allocate the parental rights and responsibilities for the care of the minor children of a marriage after hearing the testimony of either or both parents. Upon the filing of a motion or pleading requesting shared parenting and the filing of a shared parenting plan pursuant to R.C. 3109.04(G), a trial court must proceed in accordance with the applicable subdivision of R.C.3109.04(D)(1)(a).[2] All of the subdivisions of R.C. 3109.04(D)(1)(a) require a trial court to enter in the record findings of fact and conclusions of law as to the reasons for approving a shared parenting plan or for refusing to order shared parenting. A trial court may only approve one plan under R.C. 3109.04(D)(1)(a) and may only approve a plan if it determines that the plan is in the best interest of the children. R.C. 3109.04(D)(1)(b).
Throughout the proceedings in the lower court, much testimony was given regarding the division of marital property, and other issues. However, there is no evidence in the record that the court heard the testimony of either parent regarding their understanding or approval of the shared parenting plan. In fact, at the hearing on May 8, 2000, which was requested by Paula, neither parent was present. In Snouffer v. Snouffer
(1993), 87 Ohio App.3d 89, 91-92, the Fourth District Court of Appeals held:
 [R.C. 3109.04(A)] clearly indicates that there is to be a hearing where both parties may testify before there is any allocation of parental rights and responsibilities, including an order for shared parenting. * * * [W]hen the allocation of parental rights and responsibilities is contested, a hearing must be granted.
(Emphasis sic.)
In determining whether a shared parenting plan is in the best interest of the children, a trial court must consider all relevant factors, including, but not limited to, the factors set forth in R.C. 3109.04(F)(1) and (2). The guardian ad litem's report was mentioned briefly in the magistrate's report and proposed decision that was filed on November 30, 1999. However, there is no evidence as to what, if anything, the court considered in making its determination that the shared parenting plan was in the best interest of the children other than the guardian ad litem's
report.
Jay argued that Paula waived the right to object to the court's adoption of the shared parenting plan. There is no evidence in the record that Paula ever objected to the magistrate's findings prior to her motion for a status hearing on the issue of custody. Under most circumstances, the failure to raise an issue before the trial court results in a waiver of the right to raise the issue on appeal. See Statev. Didinost (1994), 71 Ohio St.3d 449, 452-53. However, in this case, the trial court was required to determine whether the shared parenting plan is in the best interest of the children before approving and adopting the plan. R.C. 3109.04(D)(1)(b). "This requirement is for the benefit of the children, not the parties, and it can not be waived by the parties." Docie v. Burt (Mar. 24, 1998), Athens App. No. 97CA19, unreported.
This Court notes that substantial compliance with R.C.3109.04(D)(1)(a)(iii) has been found where the trial court's reasons for approval or denial are apparent from the record. See Hall v. Hall (May 29, 1997), Union App. No. 14-97-03, unreported. The trial court's reasons for approving the shared parenting plan in this case are not apparent from the record.
Given the lack of indication in the record that the trial court considered the best interest of the children, this Court reverses and remands for the limited purpose of determining custody.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
____________________________ DONNA J. CARR
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] The decree of divorce states that the court received the shared parenting plan approved by the court on November 10, 1999. However, there is no record of this shared parenting plan being filed with the court. It is not the plan adopted by the court on May 20, 1999, and neither Paula nor Jay signed it. The judgment entry and decree of divorce that was approved by the court on March 9, 2000, was prepared by Jay's attorney, and it appears that a different shared parenting plan was also prepared by Jay's attorney and presented to the court for its approval.
[2] R.C. 3109.04(D)(1)(a) has three subdivisions: R.C.3109.04(D)(1)(a)(i) applies when parents jointly request shared parenting and jointly submit a shared parenting plan; R.C. 3109.04(D)(1)(a)(ii) applies when each parent requests shared parenting and each submits his or her own separate plan; and R.C. 3109.04(D)(1)(a)(iii) applies when only one parent requests shared parenting and submits a proposed plan.