OPINION
This timely appeal arises from a judgment of the Jefferson County Court of Common Pleas finding Appellants liable in tort for interfering with Appellees' easements. For the following reasons the trial court judgment is reversed and this matter is remanded for further proceedings according to law and consistent with this Court's opinion.
The parties to this action are brothers Lanson and Louis Stern and their respective spouses. The brothers' father, Warren Stern, once owned two parcels of property in Jefferson County. One parcel was small and was completely surrounded by the other, much larger parcel of property. Houses stood on both properties. The small parcel could be accessed from the main road only via a long driveway that cut through the large parcel. Water and sewage service to the small property was similarly and necessarily accessed through the large parcel.
In 1989, Warren transferred the small parcel to Appellee, Lanson Stern. In April 1994, after Warren had passed away, Appellant Louis Stern purchased the large parcel at auction. Appellant later sold the large parcel of property to another brother, Steven Stern and his wife, Mary Lou.
The parties agree that Appellees had easements over Appellants' land to obtain access to the property, use of a septic system, and use of a spring to supply water to Appellees' house. Unfortunately, bad blood has persisted between these two brothers for many years.
On March 1, 1995, Appellees filed a complaint against Appellants. The complaint alleged that on February 23, 1995, Appellants violated Appellees' easement by destroying the pipe that connected Appellees' house to its septic system. The complaint charged that Appellants destroyed the pipe intentionally and maliciously, thereby depriving Appellees of their right to quiet enjoyment of their property. Appellees sought monetary and injunctive relief.
On March 16, 1995, Appellees amended their complaint claiming that Appellants had denied them access to their residence by digging a ditch approximately two feet wide and three feet deep between the edge of Appellees' access road and their house. Appellees again maintained that Appellants undertook this action maliciously and with the intent to deprive them of their right to the quiet enjoyment of the property. Appellees sought to obtain a declaration of permanent easements over Appellants' property and demanded a jury trial.
Appellants neglected to file an answer to the amended complaint until August 8, 1995. That pleading did not include a jury demand. In the interim, the parties filed an array of motions and continuances regarding a temporary restraining order, including an agreed indefinite continuance of proceedings which they filed on May 4, 1995.
On April 18, 1997, the trial court set the matter for a jury trial to commence on June 17, 1997. That scheduling order indicates that Appellees were reconsidering their jury demand. Nevertheless, the court noted that, "[t]his matter will still be tried to a jury unless all parties waive the jury." The matter was then continued a number of times over the ensuing months.
On July 8, 1997, the trial court granted Appellees' request for leave to again amend their complaint to add the new owners of the servient estate, Steve H. Stern and his wife Mary Lou Stern, as defendants in the case. Appellants submitted an answer to this amended complaint on August 7, 1997. This time, the answer included a jury demand.
The trial court bifurcated the trial into legal (i.e., damages) and equitable (i.e., injunctive) issues and scheduled trial on the equitable claims for October 9, 1997. The equitable issues were resolved in favor of Appellees and their permanent easements over the property.
The legal issues were scheduled for jury trial on October 31, 1997. The day before trial, Appellees withdrew their jury demand. Subsequently, on October 31, 1997, the trial court issued an order granting what amounted to a default judgment against Appellants in the amount of $44,835. Appellants appealed and this Court reversed, concluding that the trial court had issued a default judgment without proper notice to the party against whom the default had been taken, and remanded the matter for further proceedings. See Stern v. Stern (December 21, 1999), Jefferson App. No. 97-JE-68, unreported.
On remand, the matter was again set for trial, this time to commence on February 24, 2000. Appellees had submitted proposed jury instructions, but on the day of trial, they sought to withdraw their jury demand and have the matter heard by the trial court. The trial court allowed Appellees' request. First, though, it struck Appellants' earlier answers to the complaints as untimely. This Court has been unable to locate a written motion seeking to strike Appellants' answers to Appellees' complaint and amended complaint, nor does it appear that there was ever a hearing on such a request. The only indication that such motion was even made and granted is reflected by the following comments uttered just before trial:
"* * * both answers are late and are stricken.
"* * *
"So we're not doing the jury, the answers are stricken. But we're still going to have a trial on the merits."
(Tr. pp. 3-4). By striking Appellants' answers, the trial court invalidated the jury demand that Appellants had included in the body of their answer to the second amended complaint. Therefore, instead of a jury trial, the matter proceeded to a bench trial. Our review of the record reflects that there is no written order reflecting the trial court's decision to strike Appellants' answers as untimely and granting Appellees' request to withdraw their jury demand.
In the March 31, 2000, order from which this appeal was taken, the trial court found that Appellant Laura Stern failed to appear and was in default. The court also ruled that Appellant Louis Stern intentionally and maliciously interfered with services to Appellees' home. The trial court awarded Appellees damages in the amount of $29,826.00. In a subsequent hearing, the trial court awarded attorney's fees to Appellees in the amount of $23,845.00.
Appellants filed their notice of appeal on April 19, 2000. In their first assignment of error, Appellants allege:
 "JUDGE BRUZZESE DID NOT ALLOW DEFENDANTS A TRIAL BY JURY AS REQUESTED IN ANSWERS TO COMPLAINT."
In their pro se brief, Appellants maintain that the trial court improperly struck their answers to Appellees' complaints and in so doing denied them the jury trial to which they were entitled under Civ.R. 38(A). As Appellants accurately note, under Civ.R. 38(A), "[t]he right to trial by jury shall be preserved to the parties inviolate." Thus, a jury demand filed in accordance with Civ.R. 38(B) may not be properly withdrawn without the consent of all parties to an action. See Civ.R. 38(D).
Appellees argue, that because neither of Appellants' answers were timely filed or submitted with leave of court, they were submitted in violation of Civ.R. 6. This violation renders the answers invalid. Therefore, according to Appellees, any written jury demand included in those pleadings is also invalid. Appellees argue that when they withdrew their own jury demand, any right to a jury trial that Appellants might have had was nullified. Given the circumstances of this case, however, we must disagree with Appellees' position.
As this matter has been pending since March of 1995, by now it presents a lengthy and convoluted history. For nearly five years, the trial court and the parties treated the case as if it had been properly answered. No one ever questioned the timeliness of either of the answers Appellants filed until February of 2000, when, without apparent notice to Appellants, the trial court struck them as untimely.
The law of the case doctrine provides that the decision of a reviewing court in a particular case remains the law of that case for all subsequent proceedings. State v. Reese (Nov. 13, 2000), Mahoning App. No. 99 C.A. 67, unreported, *2; Nolan v. Nolan (1984), 11 Ohio St.3d 1,3. The doctrine further binds a lower court to its own prior decisions and insures finality. State v. Reese, *2; Poluse v. City of Youngstown
(Dec. 17, 1999), Mahoning App. No. 98-CA-84, unreported, *2. The Supreme Court described the necessity of the law of the case doctrine in Nolanv. Nolan, supra. It stated:
 "[T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."
 Id., 3. When it struck Appellants' answers as untimely, the trial court violated this doctrine.
The record reflects that the parties attended numerous pretrial conferences during the many years this case has been pending. Repeatedly, the matter was set for a jury trial only to be continued for one reason or another. Only one week before the last scheduled trial date, Appellees filed their proposed jury instructions. When this Court entertained the appeal of the improper default judgment entered against Appellants, no party questioned the timeliness of either of Appellants' answers, even though failure to timely answer a complaint may have provided the necessary justification for a default judgment. Accordingly, in resolving the appeal of this matter as it did in its previous decision, this Court relied on indications on the record that the trial court had accepted the answers as validly filed, despite their apparent tardiness.
In sum, during all the time this case was pending. each and every participant, including this Court, understood that this matter had been properly answered and would eventually be heard by a jury. In striking the answers and, consequently, Appellants' jury demand just seconds before trial, the trial court contravened the established law of this case. Doing so without warning or preamble was both arbitrary and unfair.
In addition, we must reverse this matter because the trial court's journal entry is patently deficient. It is well settled that a court speaks only through its journal entry and not by transcribed oral communications. Schenly v. Kauth (1953), 160 Ohio St. 109, syllabus of the court. A reviewing court is loath to address substantive or procedural content of a courtroom colloquy where it is then omitted from the written judgment. Sommer v. Conrad (1999), 134 Ohio App.3d 291, 295
citing Snouffer v. Snouffer (1993), 87 Ohio App.3d 89, 880-881; Howardv. Wills (1991), 77 Ohio App.3d 133, 140.
In the present case, Appellees filed no written motion explicitly asking the court to strike Appellants' answer. Appellees expect this Court to assume that such a motion was uttered and resolved orally at pretrial proceedings for which a transcript is lacking. The record does not even contain a journal entry striking Appellants' answer(s). As noted above, the only indication that the court did so is gleaned from remarks it made before trial. (Tr. pp. 3-4).
The trial court also omitted filing a journal entry reflecting its decision to grant Appellees' motion to withdraw their jury demand. Again, the only record of such a decision is revealed in comments the trial court made moments before trial. (Tr. p. 4). Appellees' counsel requested leave to file a written motion to withdraw the jury demand, which prompted the following colloquy:
 "[Counsel]: Your Honor, may I have two minutes to go file withdrawal of jury demand?
"The Court: What's that?
"[Counsel]: My motion was for leave to withdraw my jury demand.
"The Court: It's withdrawn.
"[Counsel]: I have to file this.
"The Court: No, you don't.
"[Counsel]: All right.
"The Court: It's withdrawn." (Tr. p. 4).
Civ.R. 39(A) mandates that:
 "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist. The failure of a party or his attorney of record either to answer or appear for trial constitutes a waiver of trial by jury by such party and authorizes submission of all issues to the court."
In effect, the trial court's failure to journalize its decisions with respect to these dispositive issues negates the existence of the rulings. As such, the trial court did not properly strike Appellants' answers and their jury demand remains on the record. Accordingly, the trial court erred when it removed this matter from the jury docket where both parties to the dispute had not properly waived a jury trial.
In light of this Court's determination that Appellants' first assignment of error is meritorious and warrants reversal, Appellants' second assignment of error is moot.
Accordingly, we reverse the judgment entered by the trial court and remand this matter for further proceedings according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
Vukovich, P.J., concurs.