OPINION
{¶ 1} Defendant-appellant, Brian Bauer, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, denying his motion to modify the trial court's "parenting orders."[1]
 {¶ 2} Brian and plaintiff-appellee, Lori Bauer, were divorced on September 13, 1996. The trial court designated Lori as the residential parent and legal custodian of the parties' only child, Tanner (born in September 1998), and granted Brian visitation. Three years later, following Brian's motion for reallocation of parental rights, the trial court adopted an agreed shared parenting plan signed by both parties. Under the plan, parenting of Tanner was to be shared between the parties on a rotating two-week schedule. Both parties were designated as residential parents, "regardless of where Tanner is physically located, or with whom Tanner is residing at a particular point in time[.]" On April 25, 2002, Brian filed the motion to modify parenting orders. The motion sought to increase Brian's parenting time under the shared parenting plan from 33 percent to 53 percent.
 {¶ 3} Applying R.C. 3109.04(E)(1)(a), which requires a threshold finding of a change of circumstances, and finding insufficient changes of circumstances, the magistrate denied Brian's motion. The magistrate found that the parties' respective remarriages, the birth of a sibling at Lori's house, the upcoming birth of a sibling at Brian's house, Lori's change of employment, Brian working less hours at his company, and Tanner being older were slight and inconsequential changes of circumstances which did not warrant the granting of Brian's motion.
 {¶ 4} Brian objected to the magistrate's decision. Brian claimed that the magistrate improperly applied R.C. 3109.04(E)(1)(a). Brian essentially claimed that his motion was not a request for a modification of parental rights and responsibilities under the shared parenting plan, but rather a motion to merely modify his parenting time. As a result, his motion should have been decided pursuant to R.C. 3109.04(B)(1). By decision and entry filed September 17, 2002, the trial court overruled the objections and affirmed the magistrate's decision. The trial court held that since Brian was "seeking a substantial change in the parenting time allocation of the parties' shared parenting plan," R.C.3109.04(E)(1)(a) was the applicable statutory provision. Noting that Brian had not submitted a transcript of the proceedings to the court, the trial court also adopted the magistrate's factual findings. This appeal follows.
 {¶ 5} In his sole assignment of error, Brian argues that the trial court erred by denying his motion to modify his parenting time. Specifically, Brian first argues that the trial court erroneously applied R.C. 3109.04(E)(1)(a). Brian contends that his motion to modify parenting time was akin to a motion to modify visitation, and that therefore, it is not governed by R.C. 3109.04(E) but by R.C. 3109.04(B)(1). That section requires only that the trial court take into account the child's best interest. Next, Brian argues that the trial court improperly refused to consider Tanner's best interest when deciding Brian's motion. Finally, Brian argues that the trial court abused its discretion in finding that the changes of circumstances were slight and inconsequential.
 {¶ 6} At issue before us is whether R.C. 3109.04(B) or R.C.3109.04(E) applies to Brian's motion to modify his parenting time under the parties' shared parenting plan. When reviewing whether a trial court correctly interpreted and applied a statute, an appellate court employs the de novo standard as it presents a question of law. Akron v. Frazier
(2001), 142 Ohio App.3d 718, 721. Thus, an appellate court does not give deference to the trial court's determination.
 {¶ 7} R.C. 3109.04(B)(1) provides in relevant part that "[w]hen making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children." R.C. 3109.04(E), in turn, provides in relevant part that:
 {¶ 8} "(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *
 {¶ 9} "* * *
 {¶ 10} "(2) In addition to a modification authorized under division (E)(1) of this section:
 {¶ 11} "* * *
 {¶ 12} "(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion * * * or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."
 {¶ 13} At the outset, we note that although both applicable to modify a shared parenting plan, R.C. 3109.04(E)(1)(a) and (E)(2)(b) are seemingly conflicting. While a modification of the parental rights and responsibilities in a prior court order allocating parental rights, such as a shared parenting agreement, requires a finding of a change of circumstances under R.C. 3109.04(E)(1)(a), a modification of the terms in a shared parenting agreement only requires a finding that it be in the best interest of the child under R.C. 3109.04(E)(2)(b). In Fisher v.Campbell (June 23, 1997), Butler App. No. CA96-11-248, we held that R.C.3109.04(E)(1)(a) must be applied to those modifications that substantially change the allocation of the parties' parental rights, whereas R.C. 3109.04(E)(2)(b) applies to mere modifications of the terms of a shared parenting agreement, such as a transportation provision. Id. at 6; see, also, Porter v. Porter, Summit App. No. 21040, 2002-Ohio-6038
(holding that the trial court's mere change of the designation of the residential parent for school purposes was properly governed by R.C.3109.04[E][2] because the change did not affect the legal rights of either parent and did not involve a reallocation of parental rights).
 {¶ 14} In the case at bar, Brian's motion sought to increase his parenting time under the shared parenting plan from 33 percent to 53 percent. Because Brian's proposed modification of the shared parenting plan substantially changes the allocation of the parties' parental rights and responsibilities, we find that R.C. 3109.04(E)(2)(b) is not applicable to the present case. Fisher at 6. The issue is then whether R.C. 3109.04(B)(1) or R.C. 3109.04(E)(1)(a) applies.
 {¶ 15} Revised Code 3109.04(B)(1) requires only that the trial court take into account the child's best interest when allocating parental rights and responsibilities either in an original proceeding or in any proceeding for modification of a prior court order. By contrast, R.C. 3109.04(E)(1)(a) requires the trial court to first find a change of circumstances when modifying a prior order allocating parental rights and responsibilities.
 {¶ 16} When addressing both sections together, Ohio appellate courts, including this court, have traditionally held that R.C.3109.04(B)(1) governs initial awards of parental rights and responsibilities whereas R.C. 3109.04(E)(1)(a) governs modification of previously allocated parental rights and responsibilities. In re Carter
(July 20, 1998), Butler App. No. CA98-01-016; Hutchison v. Henderson, Summit App. No. 20862, 2002-Ohio-4521; In re Russell (Aug. 4, 1999), Washington App. No. 98CA525 (stating that in deciding which of these two section applies, one need only consider whether an initial allocation of parental rights and responsibilities has been made). Other courts have also applied R.C. 3109.04(E)(1)(a) in cases where there was the equivalency of a prior order allocating parental rights and responsibilities. See, e.g., In re Walters (Apr. 27, 2000), Washington App. No. 99CA24 (stating that if paternity has been adjudicated with a corresponding support order, and the parents have not lived together during the life of the child, a father petitioning the court for custody will need to meet R.C. 3109.04[E][1] for custody modification, because a support order in a paternity action "impliedly and necessarily" recognizes a mother's legal custody of a child who lives with her). This court has consistently held that modification of parental rights and responsibilities under a shared parenting agreement is controlled by R.C. 3109.04(E)(1)(a). See, e.g., Snyder v. Snyder (Aug. 6, 2001), Fayette App. No. CA2000-11-029.
 {¶ 17} The foregoing holdings, unfortunately, do not address, and we have not found any cases addressing the apparent conflict between R.C. 3109.04(B)(1) which governs allocation of parental rights "in any proceeding for modification of a prior order of the court making the allocation," and R.C. 3109.04(E)(1)(a) which governs the modification of a "prior decree allocating parental rights[.]" A closer reading of the sections, however, shows that they do not apply to the same type of order. R.C. 3109.04(E)(1)(a) clearly and solely applies when the trial court's prior order in which the court allocated the parental rights is sought to be modified. By contrast, the "prior order" referred to in R.C. 3109.04(B)(1) does not refer to the trial court's prior order in which the court allocated the parental rights. Rather, it refers to any prior order of the court which did not allocate parental rights. Indeed, the language used in R.C. 3109.04(B)(1) clearly shows that the section solely governs initial awards of parental rights and responsibilities in the foregoing proceedings. A trial court could not possibly consider a change of circumstances if parental rights and responsibilities had never been allocated. Conversely, it is logical for a court to only consider the child's best interest when making an initial custody award.
 {¶ 18} Brian nevertheless argues that the reasoning in Braatz v.Braatz, 85 Ohio St.3d 40, 1999-Ohio-203, a case involving custody and visitation issues, "clearly applies to shared parenting and the allocation of parenting-time. In either category, a showing of a change of circumstances is not required." We disagree.
 {¶ 19} The issue before the supreme court in Braatz was whether R.C. 3109.04 or R.C 3109.051 applied to a modification of visitation. The supreme court noted that in 1991, the General Assembly had overhauled R.C. 3109.04, including changing the terms "custody and control" to "parental rights and responsibilities." The supreme court also noted that in 1994, the General Assembly had made changes to the language of R.C.3109.04(E) governing the modification of shared parenting plans. The court then held that:
 {¶ 20} "R.C. 3109.04 governs agreements allocating `parental rights and responsibilities,' or as we stated in Gibson, `the right to ultimate legal and physical control of a child.' The section * * * remains silent as to rights of visitation, or `temporary physical control.' * * * R.C. 3109.051 governs visitation rights. * * * We hold that modification of visitation rights is governed by R.C. 3109.051, and that the specific rules for determining when a court may modify a custody decree as set forth in R.C. 3109.04 are not equally applicable to modification of visitation rights. * * * Moreover, appellee need make no showing that there has been a change in circumstances in order for the court to revise his rights to visitation." Braatz,85 Ohio St.3d at 44-45.
 {¶ 21} Unlike the case at bar, Braatz was a pure custody/visitation case in which the mother was designated as the residential parent of the child and the father granted visitation. "`Custody' resides in the party or parties who have the right to ultimate legal and physical control of a child. `Visitation' resides in a noncustodial party and encompasses that party's right to visit the child. * * * In other words, `visitation' is granted to someone who does not have `custody.'" In re Gibson (1991), 61 Ohio St.3d 168, 171. In the case at bar, Brian sought to increase his parenting time under the parties' shared parenting plan. "Shared parenting" refers to an agreement between parents regarding the care of their children that was previously termed "joint custody." In re Bonfield, 97 Ohio St.3d 387,2002-Ohio-6660, at ¶ 17. "Shared parenting" means that the parents actually share some or all of the aspects of physical and legal care of their children. R.C. 3109.04(J); Snouffer v. Snouffer (1993),87 Ohio App.3d 89, 91. In addition, unless the context clearly requires otherwise, when a trial court issues a shared parenting order, "both parents have `custody of the child' under the order," R.C. 3109.04(K)(5), and each parent is "the `residential parent,' the `residential parent and legal custodian,' or the `custodial parent' of the child." R.C.3109.04(K)(6). A shared parenting arrangement is therefore the opposite of an arrangement which clearly establishes a custodial parent and a noncustodial parent. Likewise, parenting time under a shared parenting agreement is not the equivalent of visitation.
 {¶ 22} It follows that the reasoning in Braatz does not apply to the modification of parenting time under a shared parenting agreement. We accordingly hold that R.C. 3109.04(E), and not R.C. 3109.04(B), governs the modification of a prior order allocating parental rights and responsibilities, including the modification of parenting time under a shared parenting order. Because Brian's proposed modification of the shared parenting plan sought to substantially change the allocation of the parties' parental rights and responsibilities, we find that R.C.3109.04(E)(1)(a) applies. The trial court was therefore correct in applying this section and in requiring Brian to first prove a change of circumstances.
 {¶ 23} Next, Brian argues that the trial court abused its discretion in finding that the changes of circumstances were slight and inconsequential. Wide latitude is given to the trial court's determination as to whether a change of circumstances has occurred, and the trial court's decision will not be disturbed on appeal absent an abuse of discretion. Davis v. Flickinger, 77 Ohio St.3d 415, 418,1997-Ohio-260. The change of circumstances "must be a change of substance, not a slight or inconsequential change." Id.
 {¶ 24} In its decision denying Brian's motion, the magistrate noted that since the parties' 1999 shared parenting agreement, (1) both parties had remarried, (2) Brian and his wife were expecting a child, (3) Lori and her husband had a child, (4) Brian was still the co-owner of his company but now had more free time, (5) Lori had changed employment and was now working for a title company, and (6) Tanner was almost nine years old and remained active in sports. The magistrate found that "although some things ha[d] changed in Tanner's life, those changes [were] slight and inconsequential[.]" We agree.
 {¶ 25} Remarriage usually does not constitute a change of circumstances unless it creates hostility by one parent and its new spouse against the other parent. See Sullivan v. Sullivan (Dec. 8, 1999), Hamilton App. No. C-990297. In the case at bar, there is no evidence of hostility. Likewise, the birth of a sibling generally does not constitute a change of circumstances. See Marshall v. Marshall (Sept. 8, 1998), Allen App. No. 97 10 0067. There is no evidence in the record of any circumstances surrounding the pregnancy of Brian's wife or the addition of the new child into Lori's family that indicate a change of substance.
 {¶ 26} The fact that Tanner is now almost nine years old and still active in sports is not a proper reason. "Age alone is not a sufficient factor to find a change of circumstances. * * * If this were a sufficient change of circumstances, then there would be no reason to impose this requirement — children always grow older." Khulenberg v. Davis
(Aug. 25, 1997), Butler App. No. CA96-07-143, at 11. Finally, while Lori's new employment and Brian's reduced work load at his company represent changes in the lives of the parties, they do not constitute changes of substance as required under Flickinger. We therefore find that the trial court's ruling that there was no change of circumstances warranting modification of Brian's parenting time was not an abuse of discretion.
 {¶ 27} Having found that Brian's motion to modify his parenting time was governed by R.C. 3109.04(E)(1)(a), and that the seven alleged changes of circumstances were not changes of substance as required underFlickinger, we find that this ends our inquiry. We need not reach the issue of whether the trial court improperly failed to consider Tanner's best interest when deciding Brian's motion. Because the trial court found no change of circumstances, it had no reason to proceed further and inquire into the child's best interest. Brian's sole assignment of error is accordingly overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.