OPINION
{¶ 1} The parties to this action, plaintiff-appellant, Russell A. Kelm, and defendant-appellee, Amy K. Kelm, were married in 1982. Two children were born as issue of the marriage. In January 1990, appellant filed for divorce. Appellant requested that the trial court stay proceedings and compel arbitration in accordance with the terms of the parties' antenuptial agreement. Following protracted litigation, the Ohio Supreme Court determined that issues regarding spousal support and child support could, by mutual agreement of the parties, be made subject to an arbitration agreement. Kelm v. Kelm (1993),68 Ohio St.3d 26, paragraph one of the syllabus.
 {¶ 2} On October 1, 1993, the parties were granted a judgment of divorce. A shared parenting plan filed jointly by the parties and approved by the court was incorporated into the divorce decree. The plan provided, inter alia, that the children reside with each parent for alternating two-week periods. While the children lived at each parent's residence, that parent was designated the residential parent for the children. The plan further provided, under paragraph 11, that any disputes regarding child support or modification of the plan as to the determination of who should be designated the residential parent and the terms of companionship would be resolved through arbitration.
 {¶ 3} On May 10, 1999, appellee filed a "Motion to Modify or Terminate the Shared Parenting Decree." In response, appellant filed a motion to stay proceedings on appellee's motion and to compel arbitration pursuant to the shared parenting plan. Appellant claimed that appellee withheld custody of the children in contravention of the terms of the shared parenting plan.
 {¶ 4} The trial court appointed a guardian ad litem ("GAL"), who interviewed appellant, his companion, Pam Kallner, appellee, and both children. In his report and recommendation, issued June 21, 1999, the GAL recommended, inter alia, that the shared parenting plan be maintained, that appellee be designated the residential parent for school placement purposes as long as she resided at her current address, and that appellant have companionship time with the children one weekend day per week for the next 30 days, with necessary adjustments to the companionship time to be made after the court had the opportunity to further examine the issue.
 {¶ 5} On June 25, 1999, appellant filed a response to the guardian ad litem's report and recommendation, asserting that appellee continued to violate the terms of the shared parenting plan by withholding custody of the children and that there had been no change of circumstances justifying a modification of the plan. Appellant supported his response with his affidavit and that of Ms. Kallner.
 {¶ 6} On June 25, 1999, the trial court issued a judgment entry overruling appellant's motion to stay and compel arbitration, holding that matters of child custody are not subject to arbitration under Ohio law. Appellant appealed the trial court's decision to this court and we affirmed the trial court's judgment. Kelm v. Kelm (May 23, 2000), Franklin App. No. 99AP-747. Appellant appealed our judgment to the Ohio Supreme Court.
 {¶ 7} While appellant's appeal was pending, appellee, on May 26, 2000, filed a motion seeking an increase in child support. The trial court ordered the parties to select an arbitrator within 30 days and proceed to arbitration.
 {¶ 8} On June 26, 2000, appellant filed a contempt motion alleging that appellee violated the shared parenting plan by denying appellant custody or companionship with the children. Appellant attached his own affidavit in support of the motion.
 {¶ 9} Proceedings on the contempt motion were stayed pending the outcome of appellant's appeal of the custody/arbitration issue. The trial court ordered that appellee's motion to modify or terminate the shared parenting plan and appellant's motion for contempt be consolidated for any future proceedings.
 {¶ 10} The arbitrator heard appellee's motion for an increase in child support on August 24, 2000. In an award filed October 13, 2000, the arbitrator determined that an increase in child support was warranted due to the fact that the children resided fulltime with appellee. The arbitrator modified the amount of child support to be paid in accordance with statutory guidelines. On November 15, 2000, appellee filed a motion seeking confirmation of the arbitrator's award.
 {¶ 11} In July 2001, the Ohio Supreme Court decided Kelm v.Kelm (2001), 92 Ohio St.3d 223, which held that matters pertaining to child custody and parental visitation are not subject to arbitration. Id. at syllabus. After remand from the Ohio Supreme Court, the trial court set appellee's motion to modify or terminate the shared parenting plan, appellee's motion to confirm the arbitration award, and appellant's contempt motion for hearing. A pre-trial conference was held on March 31, 2002. The record contains only the trial court's notes from that conference, which indicate that counsel discussed the pending issues, that the trial court would render a decision on appellee's application to confirm the arbitration award, and that the remaining two motions would be set for hearing on May 30, 2002.
 {¶ 12} On April 15, 2003, the trial court filed an order confirming the October 13, 2000 arbitration award. On the same day, the court filed a separate order as to the issue of custody. In that order, the trial court indicated that the matter had "come on for hearing" on appellee's motion for custody of the minor children. The court noted that, since the filing of the motion, one of the children had reached the age of majority; accordingly, the order pertained only to the remaining minor child. The court named appellee the residential parent and legal custodian of the minor child, ordered that appellant have visitation with the child as often as could be arranged, and ordered appellee to encourage and not impede the visitation.
 {¶ 13} Appellant has filed a timely appeal of the trial court's orders and sets forth the following two assignments of error:
I. It was error to order a change of child custody without an evidentiary hearing establishing a change of circumstances and that custody should be awarded to one parent rather than maintaining an existing shared parenting plan.
II. It was error to confirm an arbitration award made beyond the authorizing time period.
 {¶ 14} Appellant contends in his first assignment of error that the trial court abused its discretion in granting appellee sole custody of the parties' minor child without holding an evidentiary hearing. We agree.
 {¶ 15} Pursuant to R.C. 3109.04(A), the trial court is to conduct a hearing at which the testimony of at least one of the parents is submitted before making any allocation of parental rights:
* * * [I]n any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents * * * the court shall allocate the parental rights and responsibilities for the care of the minor children * * *.
 {¶ 16} In Snouffer v. Snouffer (1993), 87 Ohio App.3d 89, the court considered whether an evidentiary hearing was required before adopting a shared parenting plan. The court noted that although the specific provisions of R.C. 3109.04(D)(1)(a)(i) through (iii) detailing the procedures to be followed by a court in awarding shared parenting made no specific reference to a hearing, that portion of R.C. 3109.04(A) quoted above, which generally discusses allocation of parental rights and responsibilities, applied:
[R.C. 3109.04(A)] clearly indicates that there is to be a hearing where both parents may testify before there is any allocation of parental rights and responsibilities * * *. [W]hen the allocation of parental rights and responsibilities is contested, a hearing must be granted.
Id. at 91-92. (Emphasis sic.)
 {¶ 17} In this case, appellee filed a motion to modify or terminate the shared parenting plan. Over three years later, the trial court set the matter for hearing on May 30, 2002. The record is unclear as to what transpired either during or after the May 30, 2002 proceeding. Appellee contends that appellant agreed to submit an entry granting sole custody of the children to appellee, with appellant preserving companionship rights. Appellee further maintains that when appellant failed to prepare such an entry, she submitted an ex parte entry to the trial court, which ultimately became the trial court's order. In contrast, appellant contends that the parties agreed that appellant would prepare an entry maintaining the status quo as to the custody of the children.
 {¶ 18} Although the trial court's order characterizes the May 30, 2002 proceeding as a "hearing," there is no indication in the record that the trial court took any testimony or admitted any other evidence. Neither of the parties contend that they testified or submitted any evidence. A review of the trial court's docket does not indicate that a hearing was held on May 30, 2002. The only suggestion in the record that some form of proceeding occurred on that date are the trial court's cryptic notations. Almost one year later, on April 15, 2003, the trial court effectively terminated the shared parenting plan by naming appellee the residential parent and legal custodian of the parties' remaining minor child. Given the fact that the parties were unable to reach an agreement on shared parenting, the trial court was required to conduct a hearing at which time appellee and appellant could present testimony as to the contested matters. Snouffer, supra. Although a trial court has broad discretion concerning the allocation of parental rights and responsibilities, such discretion is not absolute, and must be guided by the language set forth in R.C. 3109.04(A). Miller v.Miller (1988), 37 Ohio St.3d 71, 74. In addition, the trial court's determination in such proceedings is, of course, subject to reversal upon demonstrating an abuse of discretion. Id. Given the aforementioned lack of evidence, we conclude that the trial court abused its discretion in effectively terminating the shared parenting plan by naming appellee residential parent and legal custodian of the minor child. Thus, the matter must be remanded for the trial court to conduct an evidentiary hearing on appellee's motion to modify or terminate the shared parenting plan. We further note, independent of the hearing issue, that the trial court failed to make any of the findings required by R.C.3109.04(E). On remand, after conducting the evidentiary hearing, the court must make the findings required by R.C. 3109.04(E). The first assignment of error is sustained.
 {¶ 19} By the second assignment of error, appellant contends that the trial court erred in confirming the arbitration award. In particular, appellant maintains that the arbitrator exceeded his authority in entering the award because it was not issued within the time frame set forth in the arbitration agreement.
 {¶ 20} As noted previously, paragraph 11 of the shared parenting plan provided that any unresolved disputes as to child support would be submitted for binding arbitration. Under the procedures set forth in paragraph 11, the arbitrator who was selected was to hear the matter within 30 days of appointment and decide the matter within 30 days or the parties were required to submit the dispute to another arbitrator. Paragraph 11 further provided that the arbitration procedures would be governed by R.C. Chapter 2711, the Ohio Arbitration Act, and by the rules of the American Arbitration Association.
 {¶ 21} The arbitrator heard appellee's motion for an increase in child support on August 24, 2000. The award, which was in favor of appellee, was filed on October 13, 2000. On November 15, 2000, appellee applied to the court pursuant to R.C. 2711.09 for confirmation of the award. The trial court confirmed the award on April 15, 2003.
 {¶ 22} A court's jurisdiction to review arbitration awards is narrow and limited pursuant to legislative fiat. Warren Edn.Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 173. "When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Id. at syllabus.
 {¶ 23} Confirmation of arbitration awards is governed by R.C.2711.09, which provides in pertinent part:
At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. * * *
 {¶ 24} R.C. 2711.13 concerns vacation, modification or correction of arbitration awards and states, in relevant part:
After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the patties in interest, as prescribed by law for service of notice of a motion in an action. * * *
 {¶ 25} When read together, the foregoing provisions state that upon application of a party to confirm an arbitrator's award, the court must confirm the award unless another party files a motion to vacate, modify, or correct the award.
 {¶ 26} In Galion v. Am. Fed. of State, Cty. Mun. Emp.,Ohio Council 8, AFL-CIO, Local No. 2243 (1995),71 Ohio St.3d 620, the Ohio Supreme Court stated, "[i]n our view, the language of R.C. 2711.13 is clear, unmistakable, and above all mandatory." Id. at 622. The court held that "R.C. 2711.13 provides a three-month period within which a party must file a motion to vacate, modify, or correct an arbitration award under R.C.2711.10 or 2711.11." Id. at paragraph one of the syllabus. If such an application is not filed within the time frame, the trial court lacks jurisdiction to vacate, modify, or correct the award. Id.
 {¶ 27} In this case, appellee filed a timely motion to confirm the arbitrator's award. Appellant never filed a motion to vacate, modify, or correct the award, nor did he serve a notice of such motion upon appellee. Since appellant never filed a motion to vacate, modify or correct the arbitrator's award, the trial court was obligated to confirm the arbitrator's award. SeeFraternal Order of Police, Ohio Labor Council, Inc. v. Halleck
(2001), 143 Ohio App.3d 171; Land Lake Dev., Inc. v. LeeCorp. (Nov. 29, 1999), Defiance App. No. 4-99-10. The second assignment of error is not well-taken and is overruled.
 {¶ 28} For the foregoing reasons, appellant's first assignment of error is sustained and the second assignment of error is overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part and remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
Brown and Klatt, JJ., concur.