{¶ 1} Appellant Nicole Nuttall appeals from an agreed judgment entry concerning the allocation of parental rights and responsibility. Nuttall assigns the following errors for our review:
 "I. The court abused its discretion when it failed to hold a hearing on the parties shared parenting agreement prior to ordering the same into effect. Or in the alternative to review the shared parenting agreement with the parties to ensure that it is in the child's best interest."
 "II. The court abused its discretion when it failed to review the parties shared parenting plan."
 "III. The court abused its discretion when it failed to make a determination of the best interest of the child."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 3} Appellant Nicole Nuttall and Appellee Kurt Drescher commenced living together in 2003. On July 3, 2004, a daughter, M.D.,[1] was born to the relationship.
 {¶ 4} On July 27, 2006, Nuttall and Drescher filed a joint application to determine custody in the Juvenile Division of the Cuyahoga County Common Pleas Court. In addition, the parties filed an agreed journal entry regarding the allocation of parental rights and responsibility, which incorporated an agreed shared parenting plan.
 {¶ 5} Pursuant to the agreed journal entry, both parties were deemed the residential parents of M.D. The parties also agreed to a possession schedule, whereby M.D. would live with each parent on alternate weeks for seven consecutive days. In addition, the parties further agreed to waive their respective rights to receive child support from the other party. The parties further agreed that Drescher would be responsible for providing health insurance coverage for M.D.
 {¶ 6} On August 11, 2006, the trial court signed the agreed journal entry and journalized it on August 22, 2006. It is from this journal entry that Nuttall now appeals.
 Agreed Journal Entry {¶ 7} Having a common basis in facts and law, we will address Nuttall's assigned errors in concert.
 {¶ 8} Nuttall argues the trial court abused its discretion by failing to hold a hearing and by failing to review the agreed journal entry to determine whether the shared parenting plan was in the best interest of M.D. We disagree.
 {¶ 9} The term "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[2] It is also axiomatic that a reviewing court will not reverse an agreed judgment entry.[3]
 {¶ 10} Nuttall, citing Snouffer v. Snouffer,[4] contends that the trial court erred in failing to conduct an evidentiary hearing on the issue of the allocation of parental rights and responsibilities. For the reasons that follow, we find Nuttall's contention without merit.
 {¶ 11} Pursuant to R.C. 3109.04(A), the trial court is to conduct a hearing at which the testimony of at least one of the parents is submitted before making any allocation of parental rights.[5] R.C.3109.04(A) provides, in pertinent part, as follows:
 "In any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents * * * the court shall allocate the parental rights and responsibilities for the care of the minor children * * *."[6]
 {¶ 12} In Snouffer, a case involving parties who filed separate proposed shared parenting plans, the Fourth District Court of Appeals considered whether an evidentiary hearing was required before adopting the plan. The court held that "[R.C. 3109.04(A)] clearly indicates that there is to be a hearing where both parents may testify before there is any allocation of parental rights and responsibilities, including an order for shared parenting. * * * When the allocation of parental rights and responsibilities is contested, a hearing must be granted."[7]
 {¶ 13} In this case, unlike Snouffer, the parties filed an agreed joint shared parenting plan, evincing that the allocation of parental rights and responsibilities were not in controversy. Consequently, a hearing was not mandatory.
 {¶ 14} Further, R.C. 3109.04(D)(1)(a) provides in pertinent part as follows:
 "If both parents jointly make the request in their pleadings or jointly file the motion and also jointly file the plan, the court shall review the parents' plan to determine if it is in the best interest of the children. If the court determines that the plan is in the best interest of the children, the court shall approve it."
 {¶ 15} Moreover, a review of the agreed journal entry reflects that the parties stipulated that they had both raised and supported M.D. since birth. The parties also stipulated that the terms of the shared parenting plan was in the best interest of M.D. Further, the agreed journal entry reflects that the shared parenting plan addressed issues commonly believed to be in the best interest of the child, including child support, health care and physical living arrangements.
 {¶ 16} Here, both parties filed the shared parenting plan, agreed to all the terms of the plan, and agreed that it was in M.D.'s best interest. Consequently, we conclude on the record before us that the trial court did not abuse its discretion in adopting the plan. Accordingly, we overrule Nuttall's three assigned errors.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J. and ANN DYKE, J., CONCUR
[1] We refer to the children by their initials pursuant to this court's established policy not to disclose the names of children.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[3] Mozes v. Mozes (Oct. 27, 1994), Cuyahoga App. No. 66996 citingJackson v. Jackson (1865), 16 Ohio St. 163; see, also, Paletta v.Paletta (1990), 68 Ohio App.3d 507; Madorsky v. Madorsky (Sept. 27, 1990), Cuyahoga App. No. 57517, In re Annexation of the Territory ofRiveredge Twp. to Fairview Park (1988), 46 Ohio App.3d 29, 31.
[4] (1993), 87 Ohio App.3d 89.
[5] Kelm v. Kelm, 10th Dist. No. 03AP-472, 2004-Ohio-1004.
[6] Id.
[7] Stroud v. Lyons, 4th Dist. No. 2002-A-0050, 2003-Ohio-6773, citingIn re Docie (Mar. 24, 1998), 4th Dist. No. 97CA19, at 6, quotingSnouffer v. Snouffer (1993), 87 Ohio App.3d 89, 91-92.