OPINION
{¶ 1} Appellant, James Stroud, Jr., appeals from the May 16, 2002 judgment entry of the Ashtabula County Court of Common Pleas, Juvenile Division, denying his motion for post-judgment relief in which he requested either relief from judgment or a new trial.
 {¶ 2} The facts emanating from the record are as follows: based on the trial court's January 30, 1995 judgment entry, appellant was found to be the natural father of his and appellee's minor child, James Stroud III ("minor child"), d.o.b. June 6, 1994, who was born out of wedlock. A consent judgment entry was filed on August 26, 1996, in which appellant was named the residential parent and legal custodian of the minor child, subject to liberal visitation which was granted to appellee. Pursuant to that entry, appellant would remain the legal custodian of the minor child until August 31, 2001, subject to further order of the court. On August 19, 1998, appellant filed a motion for a change of residency so that he could move and take the minor child with him to Columbus, Ohio, which was granted on August 28, 1998.
 {¶ 3} On April 20, 1999, appellee filed a motion for change of residential placement and legal custody, which was granted on April 21, 1999. However, that order was vacated pursuant to the trial court's April 29, 1999 judgment entry, determining that the minor child should remain with appellant. Also, on April 29, 1999, Hobart M. Shiflet ("guardian ad litem") was appointed guardian ad litem of the minor child. On April 3, 2000, the parties consented to cooperate and participate in a psychological evaluation of themselves as well as an interview with the minor child to help determine each party's suitability for residential placement and legal custody.
 {¶ 4} On November 14, 2000, a custody hearing was held in which the trial court recited and approved a preliminary agreement of appellant and appellee. The parties agreed to waive the presentation of evidence. Also, the parties consented to submit a joint shared parenting plan, and in the event that they failed to do so, the trial court would develop and place into effect a shared parenting plan, which would require the approval of the guardian ad litem. The parties did not submit a joint shared parenting plan. Rather, appellee submitted her own which was filed on October 24, 2000, and appellant submitted his own which was filed on December 3, 2001. On December 26, 2001, the guardian ad litem filed his written report in which he recommended appellee's plan.
 {¶ 5} Also, on November 1, 2000, the clinical psychologist, Michael B. Leach, Ph.D. ("Dr. Leach"), filed a report pursuant to his psychological evaluation of appellant, appellee, and their minor child, in order to make recommendations regarding the allocation of parental rights and responsibilities. Pursuant to his report, Dr. Leach stated that appellant and appellee "have good qualities to share with their son. Neither should be excluded from his upbringing." Dr. Leach "recommend[ed] that [the minor child] be returned without delay to the Northeast Ohio area where [appellee] can enjoy liberal weekend and weeknight visitation with him."
 {¶ 6} According to the March 7, 2002 judgment entry, the trial court adopted the shared parenting plan of appellee. Appellant did not appeal that particular decision. Instead, on March 19, 2002, appellant filed a motion for post-judgment relief in which he requested that the court grant him either relief from judgment under Civ.R. 60(B) or a new trial under Civ.R. 59, which was overruled by the trial court on May 16, 2002. It is from that judgment that appellant filed a timely notice of appeal on June 7, 2002, and makes the following assignment of error:
 {¶ 7} "The trial court erred to the prejudice of [a]ppellant in not granting [a]ppellant's motion for new trial."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court erred by not granting his motion for a new trial. Appellant specifically contends that in an action to modify the residency of a minor child, the trial court has no authority to impose a shared parenting agreement upon the parties in the absence of an agreement. Appellant stresses that if the trial court does have the authority to order the parties to share the parenting of the minor child, the court must conduct an evidentiary hearing prior to its order to determine that a change in circumstances has occurred and that it is in the best interest of the minor child that the shared parenting plan should be implemented.
 {¶ 9} It is within the sound discretion of the trial court to grant or deny a new trial under Civ.R. 59. Hathy v. Conway (Nov. 17, 1995), 11th Dist. No. 95-A-0013, 1995 Ohio App. LEXIS 5106, at 3, citing Rohdev. Farmer (1970), 23 Ohio St.2d 82, 90. The trial court must engage in a limited weighing of the evidence when presented with a motion for a new trial. Demski v. Sidwell, 11th Dist. No. 2002-T-0058, 2003-Ohio-1423, at ¶ 15, citing Rohde at 92. An appellate court will not reverse a Civ.R. 59 motion absent an abuse of discretion. Demski at ¶ 16, citing Mannion v. Sandel (2001), 91 Ohio St.3d 318, 321. "An abuse of discretion connotes more than simply an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Demski at ¶ 16, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} The trial court shall apply R.C. 3109.04 in determining whether shared parenting is in the best interest of the child. Cybulskiv. Ramsey (June 29, 2001), 11th Dist. No. 2000-A-0061, 2001 Ohio App. LEXIS 2966, at 6. The best interest standard requires the trial court to consider the factors set forth in R.C. 3109.04(F)(1). Basinger v.Basinger (Apr. 30, 1999), 11th Dist. No. 98-T-0080, 1999 Ohio App. LEXIS 2017, at 7, citing Davis v. Flickinger (1997), 77 Ohio St.3d 415, 421. The trial court, in reviewing those factors, should be guided by a strong presumption in favor of maintaining the status quo. Basinger at 8, citingIn re Neale (1998), 11th Dist. No. 97-T-0084, 1998 Ohio App. LEXIS 428, at 9.
 {¶ 11} R.C. 3109.04 provides in pertinent part:
 {¶ 12} "(A) In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed * * * the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. * * *
 {¶ 13} "* * *
 {¶ 14} "(D)(1)(a) Upon the filing of a pleading or motion by either parent or both parents, * * * the court shall comply with division (D)(1)(a)(i), (ii), or (iii) of this section, whichever is applicable:
 {¶ 15} "* * *
 {¶ 16} "(ii) If each parent * * * files a separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan. * * * If the court approves a plan under this division, * * * the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. Division (D)(1)(b) of this section applies in relation to the approval or disapproval of a plan under this division.
 {¶ 17} "(iii) * * * [I]f only one parent makes a request * * * or * * * files a plan, the court * * * may order the other parent to file a plan * * *. The court shall review each plan filed to determine if any plan is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan. * * * If the court approves a plan under this division, * * * or if the court rejects the portion of the pleadings or denies the motion or motions requesting shared parenting under this division * * *, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. * * *
 {¶ 18} "(b) The approval of a plan under division (D)(1)(a)(ii) or (iii) of this section is discretionary with the court. The court shall not approve * * * a plan * * * unless it determines that the plan is in the best interest of the children.
 {¶ 19} "* * *
 {¶ 20} "(F)(1) In determining the best interest of a child pursuant to this section, * * * the court shall consider all relevant factors, including, but not limited to:
 {¶ 21} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 22} "(b) * * * [T]he wishes and concerns of the child * * *;
 {¶ 23} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 24} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 25} "* * *
 {¶ 26} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 27} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 28} "(2) In determining whether shared parenting is in the best interest of the children, the court shall consider * * * all of the following factors:
 {¶ 29} "* * *
 {¶ 30} "(e) The recommendation of the guardian ad litem of the child * * *."
 {¶ 31} In In re Docie (Mar. 24, 1998), 4th Dist. No. 97CA19, 1998 Ohio App. LEXIS 1203, at 6, quoting Snouffer v. Snouffer (1993),87 Ohio App.3d 89, 91-92, the Fourth District held that: "`(R.C.3109.04(A)) clearly indicates that there is to be a hearing where both parents may testify before there is any allocation of parental rights and responsibilities, including an order for shared parenting. (* * *) When the allocation of parental rights and responsibilities is contested, a hearing must be granted.'" Before approving or adopting a shared parenting plan, the trial court is required, pursuant to R.C.3109.04(D)(1)(b), to determine whether the plan is in the best interest of the children. Docie at 11. "This requirement is for the benefit of the children, not the parties, and it can not be waived by the parties." Id.
 {¶ 32} In the case at bar, according to the parties' November 14, 2000 preliminary agreement, they agreed to "waive the presentation of evidence[,]" acknowledged that appellee "ha[d] submitted a [s]hared [p]arenting [p]lan to this [c]ourt which was filed October 24th, 2000[,]" and that appellant "shall submit a [s]hared [p]arenting [p]lan to this [c]ourt or in the alternative, the parties will submit a joint [s]hared [p]arenting [p]lan * * *." Appellant and appellee further agreed that:
 {¶ 33} "4. Should [they] fail to submit a joint [s]hared [p]arenting [p]lan to the [c]ourt * * * the [c]ourt will then develop and place into effect by the appropriate order, a [s]hared [p]arenting [p]lan which will be in the best interests of the child * * *.
 {¶ 34} "5. Any [s]hared [p]arenting [p]lan, whether joint or developed by the [c]ourt, shall have the approval of the [g]uardian ad [l]item herein.
 {¶ 35} "6. Any [s]hared [p]arenting [p]lan, whether agreed upon or by the [c]ourt, shall be effective in mid January, 2001."
 {¶ 36} Although the parties came to a preliminary agreement in which they agreed to "waive the presentation of evidence," they failed to submit a joint shared parenting plan. Instead, appellee filed her own plan on October 24, 2000, and appellant submitted his own plan over one year later on December 3, 2001. In this sense, it appears that the allocation of parental rights and responsibilities was contested. We must also stress that the record demonstrates that the parties have been unable to communicate or make joint decisions with respect to the minor child. Therefore, pursuant to R.C. 3109.04(A), as well as Docie andSnouffer, supra, a hearing was required. Also, based on Docie, the trial court was required to determine which plan was in the best interest of the child and such a hearing cannot be waived by the parties. In the instant matter, the parties did not cause a waiver. In fact, a hearing was held. Thus, the trial court complied with R.C. 3109.04(A) as well asDocie and Snouffer, by holding a hearing. The foregoing statute and case law do not require that the parties provide testimonial submissions at such a mandated hearing.
 {¶ 37} However, the trial court failed to enter in the record findings of fact and conclusions of law as to the reasons for the approval of appellee's shared parenting plan, in violation of R.C.3109.04(D)(1)(a)(ii) and (iii). Rather, the trial court merely provided a conclusory statement. In its March 7, 2002 judgment entry, the trial court stated that "[t]he parties have failed to submit a joint [s]hared [p]arenting [p]lan, therefore, the [c]ourt in the best interests of the child, * * * and pursuant to the recommendation of the [g]uardian ad [l]item, hereby adopts the [plan of appellee] * * *."
 {¶ 38} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Judith A. Christley and Cynthia Westcott Rice, JJ., concur.