NUNC PRO TUNC OPINION
{¶ 1} Appellant, Darren Phillips and appellee, Cora Phillips were married in Stark County, Ohio on October 19, 1985. Two children were born as issue of the marriage, to wit: Amber J. Phillips, whose date of birth is August 2, 1988 and Brant M. Phillips, whose date of birth is May 13, 1990.
 {¶ 2} On July 10, 2004, in anticipation of a dissolution, the parties executed a separation agreement. Article 9 of the separation agreement stated as follows: "if a dissolution of marriage is not granted within ninety (90) days from this date, unless continued by appropriate court order, or if a divorce action is not filed within ninety (90) days from this date, this agreement shall be null and void."
 {¶ 3} On July 16, 2002, the parties filed a petition for dissolution of marriage which included a shared parenting plan and the previously executed separation agreement.
 {¶ 4} On September 9, 2002, at the dissolution hearing the parties expressed factual disputes regarding the terms of the separation agreement and shared parenting plan. The magistrate refused to grant a dissolution and continued the matter for further hearing.
 {¶ 5} On November 6, 2002, the appellee was granted leave to convert the dissolution into a divorce action. On November 27, 2002, the appellant filed a timely answer and counterclaim and moved the trial court to enforce the separation agreement executed on July 10, 2004. On December 3, 2002, the parties agreed to use the terms of the separation agreement as temporary orders.
 {¶ 6} On May 15, 2003, a guardian ad litem was appointed for the children and a trial date was scheduled for July 8, 2003.
 {¶ 7} On July 8, 2003, because the parties could not reach an agreement as to custody the parties were ordered to complete psychological evaluations and the final trial was continued to October 14, 2003.
 {¶ 8} On September 22, 2003, by judgment entry, the trial court denied appellant's motion to enforce the separation agreement.
 {¶ 9} On October 14, 2003, the parties appeared for trial, agreed to incompatibility as grounds for the divorce and a divorce was granted. The parties also negotiated a property settlement. On the record the parties stated that unless otherwise agreed in writing, they would sell their personal property and marital residence at public auction and after satisfying any debts associated with the sale, divide the proceeds of the sale equally.
 {¶ 10} At the time of trial, the parties had not complied with the trial court's July 8th order and did not resolve the custody matter. The trial court ordered the parties to complete the psychological evaluation and appear at a review hearing in thirty days. The trial court also ordered the parties to prepare a final agreed judgment entry of divorce and further ordered the guardian ad litem to file a shared parenting plan within fourteen days.
 {¶ 11} On November 24, 2003, the trial court conducted a review hearing. At the time of the hearing, the parties had failed to submit a final agreed judgment entry of divorce and were not in agreement with the shared parenting plan submitted by the guardian ad litem. The trial court ordered the parties to submit a final judgment entry of divorce and shared parenting plan on or before December 8, 2003 or the matter would be dismissed.
 {¶ 12} On December 8, 2003 the appellee filed a final judgment entry of divorce and a shared parenting plan. Both entries indicated that they were submitted but not approved by appellant. The shared parenting plan included the approval of the guardian ad litem. Appellant did not submit any entries for the trial court's consideration.
 {¶ 13} On December 8, 2003, the trial court signed and filed the final judgment entry of divorce and the shared parenting plan submitted by the appellee. On January 6, 2004, appellant filed an appeal from the trial court's December 8, 2003 judgment entries.
 {¶ 14} On December 30, 2003, appellant filed a post decree Civ. R. 60(B) motion for relief from judgment. Appellant argued several disputes remained between the parties as to the disposal of marital property including: the division of the parties' retirement assets, the division of the life insurance cash surrender value; the division of the 2001 federal income tax refund; monetary offsets for the division of bank accounts; the distribution of the accumulated points on the GM credit card; the payment of out of pocket health insurance premiums; and the allocation of various real estate related expenses. Appellant also argued two disputes existed with regard to the shared parenting plan including: makeup time for the modification of appellant's Friday companionship and a designation of companionship for the parent's scheduled days off work.
 {¶ 15} On February 17, 2004, this court remanded the matter to the trial court for further hearing on appellant's Civ. R. 60(B) motion. On March 1, 2004, the trial court scheduled the 60(B) motion for oral arguments of counsel but refused to set the matter for evidence as ordered by this Court. On March 2, 2004, by judgment entry the trial court overruled appellant's Civ. R. 60(B) motion and further held that appellant's counsel had acted in bad faith with regards to the sale of the marital property.
 {¶ 16} On April 1, 2004, appellant filed an appeal from the trial court's March 2, 2004 judgment entry. Appellant's appeals filed on January 6, 2004 in Case No. 2004CA00005 and April 1, 2004, in Case No. 2004CA00105 have been consolidated by this court for review and are now before this court for consideration. Appellant's assignments of error are as follows:
 I {¶ 17} "The trial court committed reversible error and abused its discretion when in its Judgment Entry Dated September 19, 2003 it overruled Defendant-Appellant's motion to enforce separation agreement Filed July 16, 2002, finding said agreement to be null and void, and when it failed to incorporate said separation agreement into and as its judgment entry of divorce."
 II {¶ 18} "The trial court committed reversible error and abused its discretion when it filed the December 8, 2003 Judgment Entry of divorce and the December 8, 2003, shared parenting plan without conducting an evidentiary hearing to determine the existence and the terms of the parties' agreement."
 III {¶ 19} "The trial court committed reversible error and abused its discretion when it overruled Defendant-Appellant's Motion for relief from judgment without holding an evidentiary hearing."
 IV {¶ 20} "The trial court committed reversible error and abused its discretion when in its March 22, 2004 Judgment Entry it made findings of fact and an order finding that Defendant/Counsel acted in bad faith without holding an evidentiary hearing."
 I {¶ 21} Appellant argues the trial court abused its discretion in finding the separation agreement executed on July 10, 2002 to be null and void pursuant to Article 9 of the agreement. We disagree.
 {¶ 22} It has long been held that if the parties voluntarily enter into a separation agreement, the agreement becomes a valid and binding contract between the parties. Russell v. Russell (June 7, 1999), Stark App. No. 98-CA-0127, citing, Tullis v. Tullis (1941), 138 Ohio St. 187, overruled on other grounds sub nom, Peters v. Peters (1968),14 Ohio St.2d 268. Since a separation agreement is a contract, it is subject to the same rules of construction as other contracts and it is to be interpretation as a matter of law. Uram v. Uram (1989),65 Ohio App.3d 96, 99. The rule of law regarding contracts is that a contract must be interpreted to carry out the intent of the parties.Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. Pursuant to this rule, when a term in a contract is unambiguous, the term must be interpreted according to its plain, ordinary and common meaning. Forstner v. Forstner (1990),68 Ohio App.3d 367, 372.
 {¶ 23} The terms set forth in Article 9 of the separation agreement were unambiguous and stated that if a dissolution or divorce were not granted by the trial court within ninety days after the execution of the agreement, then the agreement became null and void. These terms taken in their plain, ordinary and common meaning clearly define the intent of the parties to execute an agreement which would expire in ninety days if the marriage had not been terminated by dissolution or divorce. For this reason, we conclude that the trial court did not act in an unreasonable, arbitrary, or unconscionable manner in finding that the separation agreement was null and void.
 {¶ 24} Appellant's Assignment of Error I is denied.
 II {¶ 25} Appellant argues the trial court abused its discretion by adopting appellee's proposed final judgment entry of divorce and failing to conduct an evidentiary hearing. Specifically appellee argues the judgment entry which was submitted by appellee and adopted by the trial court improperly included terms which were not included in the in-court settlement agreement and which were not agreed upon by the parties. Appellant further argues that the trial court committed reversible error in failing to conduct an evidentiary hearing where there were material inconsistencies as to several terms in the judgment entry. We agree.
 {¶ 26} As previously stated, absent fraud, duress, overreaching, or undue influence, a settlement agreement entered into by parties in a divorce is enforceable, if the parties intended to contract on its essential terms and intended to be bound by its terms. DiGuilio v.Diguilio, Cuyahoga App. No. 81860, 2003-Ohio-2197, citing, Walther v.Walther (1995), 102 Ohio App.3d 378. "[A] settlement agreement may be either written or oral, and may be entered into prior to or at the time of the of a divorce hearing. Where the agreement is made outside the presence of the court, the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement." Haas v. Bauer (2004), 156 Ohio App.3d 26,33, citing, Muckleroy v. Muckleroy (Sept. 5, 1990), Summit App. No. 1443; See also, Mack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34;Grubic v. Grubic (September 9, 1999), Cuyahoga App. No. 73793, citing,Zigmont v. Toto (1988), 47 Ohio App. 3d 181. (a trial court may enter a judgment that reflects an agreement that is read into the record in open court); Vasilakis v. Vasilakis (June 20, 1996), Cuyahoga App. No. 68763, (a trial court may adopt an agreed judgment entry).
 {¶ 27} When the in-court record does not reflect an agreement and/or the proposed entry does not reflect an agreement, and there is a factual dispute present between the parties, the trial court must conduct an evidentiary hearing to adjudicate the issues in dispute. See, MorformTool Corp. v. Keco Industries, Inc. (1971), 30 Ohio App.2d 207; Bolonv. Young (1982), 8 Ohio App.3d 36.
 {¶ 28} In this case, a review of the entire trial court record demonstrates there are numerous factual disputes regarding the terms of the final judgment entry of divorce adopted by the court. The disputes that remained included: the division of the parties' retirement assets, the life insurance and the 2001 federal income tax refund; monetary offsets for the division of bank accounts; the distribution of the accumulated points on the GM credit card; the payment of out of pocket health insurance premiums; and the allocation of various real estate related expenses.
 {¶ 29} The in-court record does not reflect a meeting of the minds as to any of the terms set forth in the final judgment entry with the exception of the agreement to sell the marital residence and personal property at public auction. Furthermore, the judgment entry which was adopted was not approved by appellant. For these reasons appellant's assignment of error as it relates to the division of marital property in the final judgment of divorce, adopted and approved by the trial court, other than the agreement to sell the real and personal property, is well taken.
 {¶ 30} With respect to the shared parenting plan, pursuant to R.C. 3109.04(D)(1)(a)(i) through (iii), when either parent or both parents file a motion to adopt a shared parenting plan, accompanied by a proposed plan, it is within the trial court's discretion to accept the shared parenting plan.
 {¶ 31} R.C. 3109.04 provides in pertinent part:
 {¶ 32} (D)(1)(a)(ii) "If each parent * * * files a separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan * * * if the court approves a plan under this division * * * the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. Division (D)(1)(b) of this section applies in relation to the approval or disapproval of a plan under this division.
 {¶ 33} (D)(1)(a)(iii) "if only one parent * * * files a plan, the court * * * the court may approve the plan * * * the court enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial. * * *
 {¶ 34} "(b) The approval of a plan under this division (D)(1)(a)(ii) or (iii) of this section is discretionary with the court. The court shall not approve * * * a plan * * * unless it determines that the plan is in the best interest of the children. * * *
 {¶ 35} "* * *
 {¶ 36} "(F)(1) In determining the best interest of a child pursuant to this section * * * the court shall consider all relevant factors, including but not limited to:
 {¶ 37} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 38} "(b) * * * [T]he wishes and concerns of the child, as expressed to the court;
 {¶ 39} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 40} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 41} "(e)The mental and physical health of all persons involved in the situation;
 {¶ 42} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 43} "(g) Whether either parent had failed to make all child support payments * * *;
 {¶ 44} "(h) Whether either parent has been convicted or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child * * *;
 {¶ 45} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 46} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 47} "* * *
 {¶ 48} "(2)(e) The recommendation of the guardian ad litem of the child * * *."
 {¶ 49} When the allocation of parental rights and responsibilities is contested, before approving or adopting a shared parenting plan, the trial court is required to make findings of fact and conclusions of law, pursuant to R.C. 3109.04(D)(1)(a)(ii) and (iii), to determine whether the plan is in the best interest of the children. Buten v. Buten (1998),126 Ohio App.3d 443, 447; Pater v. Pater (1992), 63 Ohio St.3d 393,396.
 {¶ 50} In this case, the trial court simply signed and adopted the shared parenting plan submitted by the appellee. The trial court failed to enter findings of fact and conclusions of law as to the reasons for the approval of appellee's shared parenting plan in violation of R.C. 3109.04(D)(1)(a)(ii) and (iii). For these reasons appellant's assignment of error as it relates to the shared parenting plan adopted and approved by the trial court is well taken.
 {¶ 51} Appellant's Assignment of Error II is granted.
 III {¶ 52} Appellant argues the trial court erred in failing to hold an evidentiary hearing on appellant's motion for relief from judgment.
 {¶ 53} Based on our disposition of the second assignment of error, appellant's third assignment of error is moot.
 IV {¶ 54} Appellant argues the trial court erred in failing to hold an evidentiary hearing on appellant's motion for relief from judgment and in sua sponte finding that appellant acted in "bad faith".
 {¶ 55} Based on our disposition of the second assignment of error, appellant's fourth assignment of error is moot.
 {¶ 56} We note appellee includes an assignment of error in his brief arguing appellant's brief should be stricken for failure to comply with the appellate and local appellate rules of court. Because appellee did not file a notice of appeal, this Court lacks jurisdiction to consider appellee's assignment of error.
 {¶ 57} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby reversed and remanded.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is reversed and remanded for further proceedings consistent with this opinion.