OPINION
{¶ 1} Defendant-appellant U.S. Bank, N.A. ("U.S. Bank") appeals the April 12, 2004 Judgment Entry of the Stark County Court of Common Pleas, denying its motion to vacate the trial court's December 17, 2003 Judgment Entry in favor of plaintiff-appellee KeyBank National Association ("KeyBank").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Both parties hold mortgages encumbering a parcel of property owned by Defendant Dennis Malloy. KeyBank's mortgage was recorded on January 10, 1997. U.S. Bank's mortgage was recorded on July 6, 1998. Pursuant to the U.S. Bank mortgage loan agreement, U.S. Bank paid KeyBank the sum of $66,086.19 as a payoff of KeyBank's prior mortgage. U.S. Bank maintains a copy of the HUD-I Settlement Statement reflecting payment to KeyBank, as well as, a copy of an Authorization to Close Account letter signed by KeyBank's borrower requesting the KeyBank account be closed, were sent to KeyBank with the payoff amount on the KeyBank mortgage. However, the KeyBank loan was not closed, and additional funds were borrowed.
 {¶ 3} Dennis Malloy defaulted in payment on the KeyBank account, and KeyBank filed a complaint in foreclosure on July 3, 2003. U.S. Bank filed an answer and cross-claim on August 25, 2003. KeyBank then filed a motion for default judgment against the borrower.
 {¶ 4} On December 15, 2003, KeyBank's counsel faxed counsel for U.S. Bank a consent entry. U.S. Bank's counsel then indicated she could not sign the consent entry because a title claim was pending. She suggested KeyBank's counsel simply write the word "submitted" over her name and submit the entry without her signature. Accordingly, counsel for KeyBank wrote "submitted" on the area provided for U.S. Bank's counsel's signature, and filed the consent order with the trial court.
 {¶ 5} On December 17, 2003, U.S. Bank's present counsel faxed KeyBank's counsel and the trial court a letter asking opposing counsel to modify the entry to request the issue of lien priority be held in abeyance and indicating a motion to vacate would be filed if the entry was not so modified. However, the trial court filed the consent order on December 17, 2003, and found KeyBank held a first and best lien and U.S. Bank held an inferior lien.
 {¶ 6} U.S. Bank did not directly appeal the trial court's December 17, 2003 entry. Rather, it filed a Civ. R. 60(B) motion to vacate as to lien priorities on February 25, 2004. On April 12, 2003, via Judgment Entry, the trial court denied the motion to vacate.
 {¶ 7} Appellant now appeals the April 12, 2004 Judgment Entry, assigning as error:
 {¶ 8} "I. The trial court committed reversible error when it denied appellant's February 25, 2004 rule 60(b) motion to vacate judgment as to lien properties regarding an erroneous `consent order' filed on 12-17-03 as a result of plaintiff's motion for default judgment against the borrower, to which consent order counsel for appellant had objection, and where the issue of lien priority had never been litigated on the merits, and where appellant had shown that it had viable, meritorious defenses to plaintiff's priority claim, which defenses have been accepted by this same court in a different case and on a different motion to vacate in nearly identical circumstances, and where that motion and the subsequent motion for summary judgment were granted."
 I {¶ 9} Appellant maintains the trial court committed reversible error in denying the motion to vacate. We disagree.
 {¶ 10} As noted supra, U.S. Bank did not directly appeal the trial court's December 17, 2003 entry finding KeyBank possessed the first and best lien priority, and further finding there was not just cause for delay. Rather, on February 25, 2004, U.S. Bank filed a motion to vacate pursuant to Civil Rule 60(B).
 {¶ 11} A Civil Rule 60(B) motion for relief from judgment is not a substitute for a timely appeal. Doe v. Trumbull County Children ServicesBoard (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus. The issue raised in U.S. Bank's motion to vacate was cognizable on direct appeal,[1] and constitutes a challenge to the correctness of the trial court's original decision on the merits. Such a challenge could have been raised by way of appeal and Civil Rule 60(B) relief is not available as a substitute for such appeal.
 {¶ 12} Therefore, U.S. Bank's appeal is dismissed as untimely, and the April 12, 2004 Judgment Entry of the Stark County Court of Common Pleas denying U.S. Bank's motion to vacate the December 17, 2003 Judgment Entry is affirmed.
Hoffman, J. Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Where, as here, a case has not yet been litigated on the merits and an issue(s) remains for determination, a trial court commits reversible error by approving a "consent" entry which does not reflect the consent of all parties. See, Phillips v. Phillips (Jan. 14, 2005), Stark App. No. 2004CA00105, 2004CA00005, unreported, 2005-Ohio-231.