JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant Nicole Dietrich appeals from a judgment of the domestic relations division of the common pleas court. She complains that the court abused its discretion by failing to designate her as the residential parent and legal custodian of the parties' three minor children and/or failing to adopt her shared parenting plan, by failing to award her the marital home, which has been adapted to the special needs of their daughter, by awarding her spousal support of only $153 per month, and by finding defendant-appellee, Mark Dietrich, had a traceable separate property interest in the marital residence. Appellee cross-appeals, arguing that the court failed to award him his full separate property interest in the marital home. We find that the court erred by adopting the appellee's proposed shared parenting order without making findings of fact and conclusions of law as required by R.C.3109.04(D)(1)(a)(ii). Furthermore, the court erroneously determined the amount of appellee's separate interest in the marital home. These erroneous decisions may bear upon the court's decisions regarding the division of marital property and the award of spousal and child support. Therefore, we reverse and remand for further proceedings. *Page 4 
 Procedural History {¶ 2} Appellant filed her complaint for divorce on June 2, 2004, requesting an allocation of parental rights, child support, spousal support and a division of marital property. Appellee filed a separate complaint for divorce on June 18, 2004. The two actions were consolidated in the trial court.
 {¶ 3} The case proceeded to trial on June 22 and 23, 2005, and continued on October 4 and November 3, 2005 and January 17, 2006. The court entered its judgment on April 21, 2006. The court found that the parties were married on May 24, 1997 and had three children, daughter Kayla, born 10/22/1997, who suffers from cerebral palsy, and twins Malina and Noah, born 4/23/2003. The parties agreed to shared parenting, but submitted separate shared parenting plans. The court found appellee's proposed plan to be in the children's best interests, and adopted that plan. That plan designated both parents as residential parents and legal custodians, and granted appellee possession of the children on a two-week schedule, from Thursday through Monday one week and from Friday through Monday the following week, with appellant having possession at all other times.
 {¶ 4} Appellant is a licensed registered nurse, employed part time earning $26 per hour without benefits. In 2004, she worked two days per month, and earned $3,324; as of May 22, 2005, she had earned $1,936. For purposes of calculating child support, the court determined that her income from employment was $4,000 *Page 5 
per year. Appellee is a postal carrier. He earned $43,560 in 2005, more in the previous year with overtime.
 {¶ 5} The court awarded appellant spousal support of $150 per month for a period of 24 months, and ordered appellee to pay appellant child support of $290.80 per month per child, plus a 2% processing charge, for a total of $889.86 per month. Support obligations as to the twins would continue until they reached 18 years of age. Although the court's judgment entry reflected that appellee had a continuing obligation to support Kayla because of her disability, the shared parenting plan adopted by the court included a conflicting provision terminating appellee's obligation to support Kayla when she reached the age of majority.
 {¶ 6} The parties stipulated that appellant had a separate property interest in two accounts with a total value of $10,660. The court further found that appellee had a separate property interest in the marital residence of $44,486.02. It traced this amount to a downpayment of $41,749.77 which appellee made on a house he purchased at 8402 Pelham Drive, Parma, Ohio, before the parties' marriage and in which they continued to reside after their marriage until March 2002. The proceeds from the sale of this house were used to purchase the current marital residence, located at 2671 Bramblewood Drive, Broadview Heights, Ohio. The total downpayment on the marital residence was $64,821.26. The purchase price was $170,000; the parties stipulated that its current fair market value was $201,000. *Page 6 
Thus, the total appreciation during the marriage was $31,000. The court calculated appellant's separate property interest in the appreciation as follows:

 {¶ 7} The court determined that the marital assets consisted of appellee's pension with the Federal Employee's Retirement System, valued at $15,186.74, two vehicles valued at $12,295 and $3,000 respectively, and the remaining equity in the marital residence, which the court calculated to be $42,201.39. It divided this property by granting appellee his pension, the $3,000 vehicle, and $18,156 of the remaining equity in the marital residence. Appellant was awarded the other vehicle and $24,045 of the remaining equity in the marital home.
 {¶ 8} The court awarded the marital residence to appellant, requiring her to hold appellee harmless from any expenses associated with it. The court allowed appellant two years to refinance the residence and transfer to appellee his $62,642 interest in the property. If she could not refinance or chose not to, appellee had the first option to purchase the residence. If neither party chose to retain the home, then the residence was to be sold and appellee paid first from the proceeds.
 Law and Analysis {¶ 9} Appellant first complains that the court abused its discretion by failing either to designate her as the residential parent and legal custodian of the children or to adopt her proposed shared parenting plan. *Page 7 
 {¶ 10} Appellant suggests that the court did not assess any of the statutory factors it was required to consider in determining whether the appellee's proposed shared parenting plan was in the children's best interests, citing R.C. 3109.04(F)(2). R.C. 3109.04(F)(2) sets forth factors the court was required to consider in deciding whether shared parenting was in the children's best interests, not which shared parenting plan (if any) served the best interests of the children. Therefore, R.C. 3109.04(F)(2) is inapplicable to the issue appellant raises.
 {¶ 11} The applicable statute in this case is R.C.3109.04(D)(1)(a)(ii), which provides in pertinent part:
 If each parent makes a request in the parent's pleadings or files a motion and each also files a separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan. * * * * If the court approves a plan under this division, either as originally filed or with submitted changes, * * * the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval * * *.
 {¶ 12} In this case, the court approved and adopted appellee's proposed shared parenting plan, finding that it was in the best interests of the children without making the findings of fact and conclusions of law required by R.C.3109.04(D)(1)(a)(ii). Phillips v. Phillips, Stark App. No. 2004CA00105, 2005-Ohio-231, TITJ49-50;Stroud v. Lyons, Ashtabula App. No. 2002-A-0050,2003-Ohio-6773; Docie v. Burt (March 24, 1998), Athens App. No. 97CA19. Some courts have suggested that substantial compliance with the statute may be found where the *Page 8 
reasons for the court's action are apparent from the record. SeeTheiss v. Theiss (April 11, 2001), Wayne App. No. 00CA0022. However, we cannot tell from the record why the court approved appellee's proposed plan. Both parties' proposed plans were submitted after the final trial date, so no discussion of the plans occurred on the record. Accordingly, we must reverse and remand for further consideration of the allocation of parental rights and responsibilities.
 {¶ 13} It is worth noting that, under R.C. 3109.04(D)(1)(a)(ii), the court is not bound to accept either party's proposed shared parenting plan verbatim, but may present objections to the parties which the parties may attempt to meet. The court further has the option to reject both parties' plans and to proceed as if no request for shared parenting had been made. The court has great discretion to fashion a parenting arrangement appropriate to the parties' circumstances, in the best interests of the children. This discretion is a critical tool to manage the particular and unusual circumstances of this case.
 {¶ 14} The court's final determination of parenting issues may or may not affect the award of spousal support and child support. Accordingly, we vacate those awards and remand for further consideration of spousal and child support as well. This determination renders moot appellant's third assignment of error.
 {¶ 15} Appellant's fourth assignment of error and appellee's cross-assignment of error raise related issues. Appellant contends that the court erred by finding appellee had a separate interest in the marital property on Bramblewood Drive *Page 9 
because appellee supplied insufficient evidence of this interest. Appellee claims that the court should have found that his separate interest in the marital property was greater. We find the evidence was sufficient to support a finding that appellee had a separate interest in the Bramblewood Drive property, but that the court erroneously calculated the value of that interest.
 {¶ 16} The settlement statement from appellee's purchase of the Pelham Road property indicates that he paid $41,749.77[1] of his own funds to purchase the property in January 1991. The settlement statements from the sale of the Pelham Road property and the purchase of the Bramblewood Drive property indicate that the proceeds from the sale of the Pelham Road house were applied directly to the purchase of the Bramblewood Drive home. The court did not err by presuming that these proceeds consisted, in part, of appellee's downpayment on the Pelham Road property, and, given the direct transfer of the proceeds of the sale of one house toward the purchase of another, that appellee's separate interest in the Pelham Road property was transferred to the Bramblewood Drive home. *Page 10 
 {¶ 17} However, the domestic relations court went seriously awry when it attempted to apply the formula proposed by the court in Munroe v.Munroe (1997), 119 Ohio App.3d 530, to calculate appellee's separate interest in the Bramblewood Drive property. Munroe sets forth the following formula for determining a spouse's separate interest in the appreciated value of property which is part marital property:

 {¶ 18} The formula used by the court here did not followMunroe. The numerator used by the court consisted of appellee's initial payment for the Pelham Road house, including settlement costs. The denominator applied by the court-which should have equaled the parties' total investment in the Bramblewood Drive home — apparently only consisted of the total amount of appellee's initial investment in the Pelham Road property (including settlement costs) plus the amount of mortgage principal the parties paid on the Bramblewood property during their marriage. We cannot discern the reason for the court's use of this figure. Finally, the formula utilized by the court could not possibly have yielded the result the court reached, that appellee was entitled to only $2,736.25 of the $31,000 in appreciation to the marital home. Using the fraction proposed by the court, appellee should have been awarded approximately 89% of the appreciation, or $27,548.93.
 {¶ 19} We cannot imagine why, in calculating the parties' total investment in the Bramblewood Drive home, the court did not include the parties' $11,000 initial *Page 11 
marital investment in the home, nor why the court did not exclude the settlement costs they paid. More important, however, the evidence before the court was insufficient to allow the court to determine the parties' total investment in the Bramblewood Drive home, so the court could not apply the formula set forth in Munroe. The court found that improvements were made to both the Pelham Road and Bramblewood Drive homes with marital funds and through volunteer work provided by appellant's father, but the court found "[n]o evidence was presented regarding any improvements and/or whether or not they increased the value of the property." Without such evidence, the court could not have determined the parties' "total investment" in the homes and thus the proportion of any appreciation (or depreciation) attributable to appellee's separate property. The court's reliance on incomplete evidence in applying theMunroe formula resulted in a fraction attributing an inaccurately large proportion of the property appreciation to appellee's separate property. Accordingly, we find the court erred by finding appellee's separate property interest in the marital home was $44,486.02.
 {¶ 20} This determination affects the court's entire division of marital property. Therefore, we must reverse the judgment and remand this matter to the domestic relations court for a redetermination of appellee's separate interest in the marital home and the appropriate division of the parties' marital property, including the *Page 12 
disposition of the home. This decision moots appellant's second assignment of error.
 {¶ 21} Accordingly, we affirm the trial court's determination that appellee has a separate interest in the marital home, but otherwise reverse the judgment and remand for further consideration of the allocation of parental rights and responsibilities, child support, spousal support, and the division of marital property.
 {¶ 22} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] Not all of this amount was applied to the purchase price. The settlement statement indicates that some $1,834.66 in closing costs were assessed to appellee on that purchase. These closing costs must be subtracted from the total payment made at closing to determine the portion of appellee's actual downpayment which was applied toward the purchase price of the home. Cf. Munroe v. Munroe (1997),119 Ohio App.3d 530, 534 (calculating part of total downpayment applied to purchase price). *Page 1